**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Clayderman MEDINA,**
**Defendant–Appellant.**

**No. 04–10361.**

**D.C. No. CR–03–00299–KJD.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2005.

Decided April 29, 2005.

---

William R. Reed, Crane Pomerantz, Office of the U.S. Attorney, Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Federal Public, Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before LAY,* B. FLETCHER, and HAWKINS, Circuit Judges.

### MEMORANDUM**

John Clayderman Medina ("Medina") pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Medina appeals the district court's denial of his motion to suppress evidence of a weapon discovered during a *Terry* search of Medina and his backpack. Because Medina concedes that the officers had reasonable suspicion to conduct a *Terry* stop and also had reasonable suspicion to frisk his person for weap-

ons, the only issue on appeal is whether Officer Burke's search of Medina's backpack exceeded the legitimate scope of a protective search under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

The district court's denial of a motion to suppress is reviewed de novo and its factual findings are reviewed for clear error. *United States v. Sandoval,* 390 F.3d 1077, 1080 (9th Cir.2004).

Medina contends the officers lacked reason to fear for their safety because Medina had already been patted down and was extremely compliant. He also claims it was generally unreasonable for the officers to suspect that Medina would attempt to reach for a weapon located inside a closed backpack while two armed officers confronted him. He suggests the officers were searching for contraband under the guise of a protective search.

" '[W]hen an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others,' the officer may conduct a patdown search 'to determine whether the person is in fact carrying a weapon.' " *Minnesota v. Dickerson,* 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (quoting *Terry,* 392 U.S. at 24). "The sole justification of the search . . . is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Terry,* 392 U.S. at 29.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because suspects may injure officers and others by virtue of their access to weapons even though they may not have a weapon on their person, the physical scope of a *Terry* protective search is not limited to the detainee's person. *See Michigan v. Long,* 463 U.S. 1032, 1047–49, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). Indeed, this court has upheld the protective search of a suspect's "fanny pack" during a traffic stop because "the police officers had a right to examine a hiding-place where a weapon could be concealed that the suspect could reach if he broke away from the officers." *United States v. Garcia,* 909 F.2d 389, 392 (9th Cir.1990).[1]

Factual findings from the district court reveal that Medina's backpack was sitting on the hood of the squad car—immediately in front of Medina and within his reach—that it was heavy, and that Medina had just lied to officers regarding its contents. His statement that the backpack contained only clothes was suspect in light of its weight. The patdown revealed a hard object making the statement even more suspect. In light of these facts, it was reasonable for Officer Burke to believe that the backpack possibly contained a weapon. As Medina's ensuing flight demonstrated, he was not handcuffed, confined, or otherwise under the control of the officers; he was physically able to break loose from the officers. Hence, it was also reasonable for Officer Burke to believe that Medina could gain control of a weapon and use it against the officers. Since the physical scope of a *Terry* protective search extends to those areas from which the suspect may gain immediate control of a weapon, *Long,* 463

U.S. at 1049, and Medina could reach his backpack, it follows that it was reasonable for Officer Burke to pat down the backpack as part of his protective search. Once he felt the weapon, he had reasonable suspicion to open the backpack and search its contents. Under the facts of this case, the backpack was within the permissible scope of the officers' protective search.

AFFIRMED.

---

1. In dicta, this court has also recognized that a protective search during a *Terry* stop can extend to the pat-down of the exterior of a suspect's briefcase. *See United States v. Vaughan,* 718 F.2d 332, 335 (9th Cir.1983). At least one other circuit has held that a pat-down of a suspect's duffel bag falls within the legitimate scope of a *Terry* protective search if

the duffle bag was within reach or control of the suspect. *See United States v. Johnson,* 637 F.2d 532, 535 (8th Cir.1980).

